dismissed, but, under the circumstances, without costs.

## Case No. 5,101.
### FRENCH v. KINGSLAND.

## Case No. 5,102.
### FRENCH et al. v. LAFAYETTE INS. CO.
[5 McLean, 461.][1]

Circuit Court, D. Indiana. May Term, 1853.[2]

Smith, Fox & French, for plaintiffs.
Gregory & Orth, for defendant.

OPINION OF THE COURT. This is an action of debt, on a judgment rendered in the commercial court of the city of Cincinnati; there are also counts in the declaration, on a policy of insurance. The policy of in-

[1] [Reported by Hon. John McLean, Circuit Justice.]
[2] [Affirmed in 18 How. (59 U. S.) 404.]

surance was entered into in the city of Cincinnati, on certain property of the plaintiffs [French, Strong & Fine], by the defendant, to the amount of $2,500, which was lost by fire. A judgment was obtained, before the commercial court, in Cincinnati, for the amount of the policy. The defendants pleaded nil debit to the 2d, 3d, and 6th counts. And further to the 1st, 2d, and 3d counts, that they are founded on the same contract or policy of insurance. And that it was and is, a parcel of said contract, that no suit or action of any kind, should be brought against said defendant for the recovery of any claim on the policy, in a court of law or chancery, unless brought in six months after the loss. To the 4th and 5th counts, the defendant pleads nul tiel record. And further, to the 4th and 5th counts, defendant says, it is a corporation under the laws of Indiana, the principal place of business being at Lafayette, in said state. That the officers and directors are citizens of Indiana, and were, &c. That defendant was not served with process. That its agent living in Cincinnati for the purpose of making contracts of insurance, was not otherwise served, than by leaving a copy of the summons at his residence, by which the suit in Ohio was commenced. To the plea of nul tiel record the plaintiffs joined issue. And they demur to the pleas to the 1st, 2d, and 3d counts. And as cause of demurrer they say, that the matters pleaded in bar are in conflict with the law of the state, which is the law of the forum. Defendant joins in demurrer.

Among other conditions there is annexed to the policy the following: "It is further hereby provided, that no suit or action of any kind against the company, for the recovery of any claim upon, under or by virtue of the policy, shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within the term of six months next after any loss or damage shall occur; and if any such suit or action shall be commenced against the company after the expiration of six months, next after such loss or damage shall have occurred, the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim, thereby so attempted to be enforced." The plea in bar is founded on the above limitation of six months. This is not a condition on which liability is to attach. It does not affect the contract, but the remedy. A condition subsequent, for the payment of money, after the liability is fixed, by which the payment is barred, is a singular condition. It is nothing less than an act of limitation, of six months. A statute of limitation is founded upon public policy. A contract is void if made against the policy of the law. But this limitation in the policy is not only opposed to the policy of the law, but in fixing a different time from the statute, is in conflict with it. Can parties, in all contracts, make a statute of limitations for